Michael S. Morrison
Alexander Morrison + Fehr LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 394-0888
mmorrison@amfllp.com

Gary M. Klinger (to seek admission *pro hac vice*)
Mason Lietz & Klinger, LLP
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (202) 429-2290
gklinger@masonllp.com

Michael L. Greenwald (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Telephone: (561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Scott Warrington, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Layma, LLC d/b/a Little Lake Lending,<br><br>Defendant. | Case No:<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)<br><br>DEMAND FOR JURY TRIAL |

**Nature of this Action**

1. Scott Warrington ("Plaintiff") brings this class action against Layma, LLC d/b/a Little Lake Lending ("Little Lake"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Among other things, the TCPA and its accompanying regulations prohibit telemarketers from making telephone solicitations to persons who have listed their telephone numbers on the National Do-Not-Call Registry, a database established to allow consumers to exclude themselves from telemarketing calls unless they consent to receive the calls in a signed, written agreement.

3. Plaintiff is one of the millions of consumers who have listed telephone numbers on the National Do-Not-Call Registry. Nonetheless, he has received numerous telemarketing sales calls made by, or on behalf of, Little Lake, even after he specifically asked Little Lake to stop calling him.

4. Plaintiff now brings this action, on behalf of himself and others similarly situated, seeking statutory damages and to secure injunctive relief to require Little Lake to cease its illegal telemarketing calls.

**SUBJECT MATTER JURISDICTION AND VENUE**

5. This Court has original jurisdiction over this civil action as one arising under the laws of the United States. *See* 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Little Lake resides and maintains its principal corporate address in this district and because a portion of the events giving rise to this action occurred in this district.

**INTRADISTRICT ASSIGNMENT**

7. Assignment to the Eureka Division of the Northern District of California is appropriate as Little Lake's headquarters and principal corporate address are located in Lake County.

**PARTIES**

8. Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of Wisconsin who resides in Plymouth, Wisconsin.

9. Little Lake provides personal short-term installment loans primarily to unbanked and underbanked consumers.

10. As Little Lake states, "This is an expensive form of borrowing." Indeed, Little Lake charges an annual percentage rate that ranges "from 720% to 795%, depending on your payment

schedule, pay frequency, loan term, and the amount of your loan." *See* https://littlelakelending.com/home (last visited Sept. 30, 2020).

11. Little Lake is a wholly-owned and operated limited liability company of the Big Valley Band of Pomo Indians of the Big Valley Rancheria.

12. Other than in Connecticut, Pennsylvania, Minnesota, New York, Virginia, Vermont, and West Virginia, Little Lake transacts business throughout the United States.

## APPLICABLE LAW

13. Congress enacted the TCPA in 1991 to regulate the explosive growth of telemarketing, which Congress recognized as a nuisance and an intrusive invasion of privacy.

14. Consumers who do not want to receive telemarketing calls may indicate their preference by registering their telephone numbers on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c)(2).

15. According to the Federal Trade Commission, the Registry, which was established in 2003, has over 239 million active registrations.[1]

16. So long as a telephone number appears on the National Do-Not-Call Registry, it is illegal for a company to place any telephone solicitations to that number. 47 U.S.C. § 227(c)(3)(F). These registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. 47 C.F.R. § 64.1200(c)(2).

17. One exception to this rule is that the TCPA allows a company to solicit a consumer whose telephone number is on the National Do-Not-Call Registry when it has an "established business relationship" ("EBR") with that consumer. 47 U.S.C. § 227(a)(4) (excluding from the definition of "telephone solicitation . . . any person with whom the caller has an established business relationship").

18. The Federal Communications Commission defined an EBR to mean "a prior or

---

[1] *See FTC Releases FY 2019 National Do Not Call Registry Data Book*, available at: https://www.ftc.gov/news-events/press-releases/2019/10/ftc-releases-fy-2019-national-do-not-call-registry-data-book

4

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

existing relationship formed by a voluntary two-way communication between a[n] . . . entity and a" consumer on the basis of the consumer's "purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call . . . , which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5). Among other things, a consumer can terminate an EBR with a company by asking the company to stop calling, even if the consumer continues to transact business with that company. *Id.* at § 64.1200(f)(5)(i).

19. A consumer whose telephone number is on the National Do-Not-Call Registry and has received more than one telemarketing call within any twelve-month period by, or on behalf of, the same company in violation of the TCPA, can sue the company and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

20. It is simple for companies to avoid calling telephone numbers listed on the National Do-Not-Call Registry. Indeed, companies can easily and inexpensively "scrub" their call lists against the National Do-Not-Call Registry database. The scrubbing process identifies those numbers on the National Do-Not-Call Registry, allowing companies to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

21. To avoid violating the TCPA by calling registered numbers, companies, *inter alia*, must scrub their call lists against the National Do-Not-Call Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv).

22. Regulations implementing the TCPA also require companies to maintain Internal Do-Not-Call Registries. 47 C.F.R. § 64.1200(d). Once a company receives a request from a consumer not to receive calls, the number must be placed on the company's internal Do-Not-Call List (the "Internal Do-Not-Call List") within a reasonable time, not to exceed thirty days from the date of the request. *Id*. at § (d)(3).

23. A seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. The provision that establishes a private right of action against an entity that violates the National Do-No-Call Registry restrictions provides that "[a] person who

4
CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages and injunctive relief. 47 U.S.C. § 227(c)(5).

24. Likewise, 47 C.F.R. § 64.1200(d)(3) provides that once a number is added to a company's Internal Do-Not-Call List, the company on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request.

## Factual Allegations

25. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(920)-XXX-4463.

26. Plaintiff uses his cellular telephone as his personal residential telephone number.

27. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the National DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

28. Plaintiff's cellular telephone number has been registered with the DNC Registry since approximately 2017.

29. Beginning in approximately June 2020, Little Lake began placing calls to Plaintiff's telephone number that is registered with the DNC Registry.

30. Little Lake placed at least nine telephone calls to Plaintiff's telephone number in June 2020, including on June 23, 2020, June 24, 2020, June 25, 2020, and June 26, 2020.

31. Little Lake also left several voice messages on Plaintiff's voice mail.

32. Little Lake placed its calls to Plaintiff's telephone number from telephone number (844) 600-9737—a number assigned to Little Lake.

33. Little Lake's calls were for advertising and telemarketing purposes, namely for the purpose of soliciting lending business.

34. In fact, Little Lake's messages for Plaintiff requested a return call from Plaintiff to discuss any questions about a lending application and Little Lake's services.

35. Plaintiff did not apply for or request information about Little Lake's services.

36. Plaintiff did not provide his telephone number to Little Lake.

37. Plaintiff did not provide prior express written consent to Little Lake to call his telephone number.

38. Plaintiff returned one of Little Lake's calls and instructed Little Lake to take his telephone number off of Little Lake's call list.

39. Despite Plaintiff's request, Little Lake's calls continued.

40. In fact, after instructing Little Lake to stop calling him, Little Lake placed approximately eight additional solicitation or telemarketing calls to Plaintiff's telephone number.

41. Even if Little Lake had illegally decided to not honor Plaintiff's National Do-Not-Call registration, his first request to stop calling should have triggered Little Lake's obligation under 47 C.F.R. § 64.1200(d) to put his telephone number on its Internal Do-Not-Call List. But Little Lake failed to take this action, and/or failed to enforce its Internal Do-Not-Call List policies, and therefore, it illegally continued calling Plaintiff after he requested that the calls stop.

42. Plaintiff suffered actual harm as a result of the calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

43. Upon information and good faith belief, Little Lake knew, or should have known, that Plaintiff registered his telephone number with the DNC Registry.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings Count I of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

> **National Do-Not-Call Registry Class**: All persons in the United States (1) to whom Layma, LLC d/b/a Little Lake Lending placed, or caused to be placed, more than one telephone call within a 12-month period, promoting Layma, LLC d/b/a Little Lake Lending's goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Layma, LLC d/b/a Little Lake Lending placed, or caused to be placed, at least two of the telephone calls within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

45. Plaintiff brings Count II of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

> **Internal Do-Not-Call List Class**: All persons in the United States who, from four years preceding the date of this complaint to the commencement of this litigation, received one or more telephone solicitations on their residential landline or cellular telephone line telemarketing Layma, LLC d/b/a Little Lake Lending's products or services after registering their telephone number with Layma, LLC d/b/a Little Lake Lending's Internal Do-Not-Call List.

46. Excluded from the classes is Little Lake, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Little Lake has or had a controlling interest.

47. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

48. The exact number of members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

49. The classes are ascertainable because the classes are defined by reference to objective criteria.

50. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Little Lake, and by third parties.

51. Plaintiff's claims are typical of the claims of the members of the classes.

52. As it did for all members of the National Do-Not-Call Registry Class, Little Lake placed multiple calls to Plaintiff within a 12-month period more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

53. As it did for all members of the Internal Do-Not-Call List Class, Little Lake placed multiple calls to Plaintiff after Plaintiff instructed Little Lake to take his telephone number off of its call list.

54. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Little Lake.

55. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

56. Plaintiff suffered the same injuries as the members of the classes.

57. Plaintiff will fairly and adequately protect the interests of the members of the classes.

58. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

59. Plaintiff will vigorously pursue the claims of the members of the classes.

60. Plaintiff has retained counsel experienced and competent in class action litigation.

61. Plaintiff's counsel will vigorously pursue this matter.

62. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

63. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

64. Issues of law and fact common to all members of the class are:

    a. Little Lake's conduct, pattern, and practice as it pertains to placing advertisement and telemarketing telephone calls;

    b. Little Lake's practice of placing telephone calls and leaving voice messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

    c. Little Lake's practice of placing telephone calls and leaving voice messages, for solicitation purposes, to telephone numbers after being instructed to no longer place such telemarketing and solicitation calls to those telephone numbers;

    d. Little Lake's violations of the TCPA; and

    e. The availability of statutory penalties.

65. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

66. If brought and prosecuted individually, the claims of the members of the classes

would require proof of the same material and substantive facts.

67. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

68. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Little Lake.

69. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

70. The damages suffered by the individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

71. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

72. There will be no extraordinary difficulty in the management of this action as a class action.

73. Little Lake acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## CAUSES OF ACTION

### Count I

**Violation of 47 U.S.C. 227(c) on behalf of Plaintiff and the National Do-Not-Call Registry Class**

74. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-73.

75. In violation of 47 U.S.C. § 227(c), Plaintiff and all Members of the National Do-Not-Call Registry Class received telemarketing calls promoting the sale of Little Lake's products or services on a telephone line listed on the National Do-Not-Call Registry.

76. Plaintiff and the members of the National Do-Not-Call Registry Class received more than one such call in a twelve-month period.

77. By virtue of the foregoing, Little Lake violated 47 U.S.C. § 227(c) as to Plaintiff and the National Do-Not-Call Registry Class by initiating, on more than one occasion, a telemarketing call to the telephone lines of Plaintiff and the members of the National Do-Not-Call Registry Class without the prior express written consent or permission of Plaintiff or the members of the National Do-Not-Call Registry Class, and without there being an active non-terminated EBR with Plaintiff or the members of the National Do-Not-Call Registry Class.

78. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and each member of the National Do-Not-Call Registry Class is entitled to recover from Little Lake $500.00 in statutory damages for each such violation.

79. In the event that Little Lake is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500 for each such violation.

80. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff, on behalf of himself and the National Do-Not-Call Registry Class, also seeks injunctive relief prohibiting Little Lake's violations of the TCPA in the future.

**Count II**

**Violation of 47 C.F.R. § 64.1200(d)(3) for Failure to Honor Internal Do-Not-Call List Requests**

81. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-73.

82. Plaintiff and the members of the Internal Do-Not-Call List Class each asked Little Lake to stop placing telemarketing calls to them.

83. In violation of 47 C.F.R. § 64.1200(d)(3), Little Lake continued to place telemarketing calls to Plaintiff and the members of the Internal Do-Not-Call List Class after they were listed, or should have been listed, on Little Lake's Internal Do-Not-Call List.

84. Plaintiff and the members of the Internal Do-Not-Call List Class received more than

4

one such call in a twelve-month period.

85. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Internal Do-Not-Call List Class is entitled to recover from Little Lake $500 in statutory damages for each such violation.

86. In the event that Little Lake is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500 for each such violation.

87. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff, on behalf of himself and the members of the Internal Do-Not-Call List Class, also seeks injunctive relief prohibiting Little Lake's violations of the TCPA in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against Little Lake, awarding relief as follows:

a) Certifying the proposed National Do-Not-Call Registry Class and Internal Do-Not-Call List Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent both the National Do-Not-Call Registry Class and Internal Do-Not-Call List Class;

b) As to the National Do-Not-Call Registry Class, statutory damages as provided for under 47 U.S.C. § 227(c)(5), trebled as may be appropriate;

c) As to the Internal Do-Not-Call List Class, statutory damages as provided for under 47 U.S.C. § 227(c)(5), trebled as may be appropriate;

d) As to the National Do-Not-Call Registry Class, a permanent injunction restraining Little Lake from making, or having made on its behalf, any additional non-emergency calls to telephone numbers that are on the National Do-Not-Call Registry without first obtaining the prior express written consent of the called party or at a time when no EBR exists between Little Lake and the called party;

e) As to the Internal Do-Not-Call List Class, a permanent injunction restraining Little Lake

from making, or having made on their behalf, any additional non-emergency calls to telephone numbers that are on Little Lake's Internal Do-Not-Call List without first obtaining the prior express written consent of the called party;

f) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 9, 2020

*/s/ Michael S. Morrison*
Michael S. Morrison
Alexander Morrison + Fehr LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 394-0888
mmorrison@amfllp.com

Gary M. Klinger (to seek admission *pro hac vice*)
Mason Lietz & Klinger, LLP
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (202) 429-2290
gklinger@masonllp.com

Michael L. Greenwald (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Telephone: (561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes